UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

Case No.     ED CV 13-01673-VBF-SH          Dated:      December 23, 2013

Title:     *Jaime Saul Morales, Petitioner v. David Long, Respondent*

PRESENT:    HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

Linda Kanter                             N/A
Courtroom Deputy                         Court Reporter

ATTORNEYS PRESENT FOR APPELLANT          ATTORNEYS PRESENT FOR APPELLEES

N/A                                      N/A

**PROCEEDINGS (IN CHAMBERS):**     **ORDER**     Dismissing the Habeas Corpus Petition *with* Prejudice as Noncognizable

The Magistrate Judge has issued a well-reasoned Report and Recommendation ("R&R") recommending that the 28 U.S.C. § 2254 petition be dismissed *without* prejudice because its only claim is unexhausted. This Court has reviewed the California Court of Appeal opinion affirming petitioner's sentence on direct appeal, the instant petition, the respondent's answer and answer memorandum, petitioner's reply, the R&R, and the applicable law, and petitioner has not filed any objections. The Court agrees that the petition is subject to dismissal without prejudice because petitioner has failed to carry his burden of proving that he exhausted state-court remedies. The Court further determines that the petition is subject to dismissal *with* prejudice, however, because the claim therein is not cognizable on federal habeas review. The Court will thus dismiss the petition with prejudice on the ground of noncognizability. By separate orders the Court will deny a certificate of appealability and enter final judgment in favor of the respondent.

MINUTES FORM 90                                      Initials of Deputy Clerk    Lk
CIVIL - GEN

On appeal, petitioner challenged the imposition of consecutive rather than concurrent sentences as violative of state law. The California Court of Appeal rejected that claim, discussing and citing only *state law, not federal law. See People v. Morales*, 2013 WL 1459434, *5-*6 (Cal. App. Apr. 11, 2013), *rev. denied* (Cal. June 19, 2013). Petitioner filed no habeas petitions in the state courts directed at this sentence.

In this petition, petitioner claims that the Superior Court judge violated his Sixth and Fourteenth Amendment rights by imposing consecutive prison sentences on counts one and two "because there is no evidence the corresponding offenses occurred on separate occasions." Petition at 5 ¶ 8(a) (citing *Apprendi v. NJ*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); and *US v. Gaudin*, 515 U.S. 667 (1995)).

**As the Magistrate notes, a state prisoner may not bring a federal habeas petition governed by AEDPA unless he first exhausts every claim in state court.** *See also* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509 (1982); *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509 (1971). To exhaust them, a petitioner must present his claims to the highest state court, by either direct or collateral review, to give that court a fair opportunity to rule on the merits of each and every issue sought to be raised in federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40, 119 S. Ct. 1728 (1999). Petitioner bears the burden of showing that he has fully exhausted state remedies. *See Darr v. Burford*, 339 U.S. 200, 218-19, 70 S. Ct. 587, 597-98 (1950) ("The petitioner has the burden also of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist."), *overruled in part o.g. by Fay v. Noia*, 372 U.S. 391, 82 S. Ct. 822 (1963); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981). Where a petitioner fails to show that *any* of the claims was exhausted, the court lacks discretion to order a stay and the petition is subject to dismissal for lack of jurisdiction. *See Raspberry*, 448 F.3d at 1154 (cite omitted).

"A claim", as the term is used in AEDPA, "is an asserted *federal* basis for relief from a state court's judgment of conviction." *Gonzalez v. Crosby*, 545 U.S. 524, 530, 125 S. Ct. 2641, 2647 (2005). The petitioner must have "clearly present[ed] 'to the highest court of the state . . . the federal basis and federal nature of the claim, along with relevant facts.'" *Ha Van Nguyen v. Curry*, – F.3d –, 2013 WL 6246285, *3 (9th Cir. Dec. 4, 2013) (quoting *Cooper v. Neven*, 641 F.3d 322, 326-27 (9th Cir.), *cert. denied*, – U.S. –, 132 S. Ct. 558 (2011));

*see also Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887 (1995).[1] Petitioner must show that he made the federal basis for his claim explicit for the state supreme court, either by referring to specific provisions of the federal Constitution or statutes, or by citing federal case law. *See Lyons v. Crawford*, 232 F.3d 636, 638 (9th Cir. 2000), *as modified*, 247 F.3d 904 (9th Cir. 2001).

**Petitioner's briefs before the California Court of Appeal and California Supreme Court did not cite the U.S. Constitution or federal case law, nor did they otherwise alert those courts that his challenge to the consecutive sentences also sounded in federal law.** Thus, the Report is right to conclude (R&R at 3) that petitioner did not "fairly present" the federal version of his claim to the state courts. *Compare Castle v. Schriro*, 414 F. App'x 924, 925 (9th Cir.) (petitioner did not exhaust federal double jeopardy claim) ("In his first petition for post-conviction relief [in state court]", he cited the Arizona sentencing statute and two Arizona cases, and "Both of the cited cases . . . discuss the proper consideration of aggravating factors that mirror elements of the crime under state law. No federal cases are cited and no constitutional limitations are discussed.") (cites omitted), *cert. denied*, – U.S. –, 132 S. Ct. 780 (2011),[2] *with Robinson v. Schriro*, 595 F.3d 1086, 1102 (9th Cir.) (petitioner exhausted federal claim), *additional op. on other grounds*, 366 F. App'x 801 (9th Cir. 2010).

**As the Magistrate concludes, petitioner's failure to prove exhaustion requires dismissal of this petition. Such dismissal would be without prejudice.** *See Raspberry*, 448 F.3d at 1154; *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991); *accord US v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006)

---

[1]

*Accord Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002); *US ex rel. Cuomo v. Fay*, 257 F.3d 438, 442 (2d Cir. 1958); *Brown v. Cuyler*, 669 F.3d 155, 158 (3d Cir. 1982); *Bowie v. Branker*, 512 F.3d 112, 122 (4th Cir. 2008); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003); *Baldwin v. Lewis*, 442 F.3d 29, 35 (7th Cir. 1971); *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998); *Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *Winck v. England*, 327 F.3d 1296, 1304 n.6 (11th Cir. 2003).

[2]

*See also Cook v. Schriro*, 538 F.3d 1000 (9th Cir. 2008) (petitioner failed to exhaust federal claim that trial judge should have recused himself, because his briefs in state courts failed to indicate a federal basis for the claim as required by *Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347 (2002), notwithstanding that the state-law standards for judicial bias were "somewhat similar" to the U.S. Supreme Court's standard), *cert. denied*, 555 U.S. 1141, 129 S. Ct. 1033 (2009), *leave to file for reh'g denied*, – U.S. –, 132 S. Ct. 2709 (2012).

| MINUTES FORM 90 | Initials of Deputy Clerk ___Lk___ |
|---|---|
| CIVIL - GEN | |

("Traditionally, when a petition contains entirely unexhausted . . . claims, the petition would be dismissed without prejudice.").

**Dismissal of a claim which is not cognizable on federal habeas review, though, is *with* prejudice.** This is because, like untimeliness or lack of merit, noncognizability cannot be cured. There is no point, then, in giving petitioner time to return to state court and/or granting him leave to amend the petition. *See, e.g., Montalvo v. Mantello*, 2002 WL 1821569, *6 (S.D.N.Y. Aug. 6, 2002) ("Generally, a petition for writ of habeas corpus with unexhausted claims is dismissed without prejudice to allow the petitioner to return to the state courts to exhaust all available state judicial remedies. However, the limitations period has expired, and therefore, it would be futile to dismiss without prejudice because [petitioner] cannot return to federal court.").

**Therefore, in order to determine whether dismissal should be with or without prejudice, the Court must determine whether, in addition to being unexhausted, the claim is cognizable on federal habeas review.** *See, e.g., Cox v. California*, 2013 WL 3755956, *1 (C.D. Cal. July 16, 2013) ("The Court could dismiss the action without prejudice as entirely unexhausted. * * * In this instance, however, dismissal *with* prejudice is appropriate because exhaustion of the improper-search claim would be futile: no amendment could alter the fact that such a claim is barred by *Stone v. Powell*.") (citations omitted); *Boyd v. Palmer*, 2010 WL 2342552, *1 (D. Nev. June 7, 2010) ("[T]he petition may be subject to dismissal *with* prejudice as time-barred . . . ; and . . . *without* prejudice for lack of exhaustion because the petition is completely unexhausted.").

**Based on unanimous authority, this Court agrees with the respondent that a state prisoner's claim that a state court erred in imposing consecutive sentences, is not cognizable on federal habeas review.** "The decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (citing *Ramirez v. Arizona*, 437 F.2d 119, 120 (9th Cir. 1971)). Likewise, in *Souch v. Shaivo*, 289 F.3d 616 (9th Cir. 2002), the Ninth Circuit affirmed the dismissal of a similar habeas claim by a state prisoner:

> [B]ecause the trial court actually had absolute discretion to impose consecutive or concurrent sentences, there was no violation of the Ex Post Facto Clause. And because Souch has not

alleged any other violation of *Federal* law, neither an alleged abuse of discretion by the trial court in choosing consecutive sentences, nor the trial court's alleged failure to list reasons for imposing consecutive sentences, can form the basis for federal habeas relief.

*Souch*, 37 F.3d at 623.  To support that conclusion, the *Souch* panel cited *Cacoperdo* and *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092 (1990), where the Supreme Court refused to consider a claim that a state court had violated state law in its analysis of aggravating circumstances, stating, "federal habeas corpus relief does not lie for errors of state law . . . ."  See also *Estelle v. McGuire*, 502 U.S. 62, 68-69, 112 S. Ct. 475 (1991).

**More specifically, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."** *Stauffer v. Vasquez*, 2009 WL 385446 (C.D. Cal. Feb. 12, 2009) (citing *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994)).  See *Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989); see, e.g., *Hyunh v. Walker*, 2013 WL 5934016, *15 (C.D. Cal. Nov. 1, 2013) ("[B]ecause Petitioner's sentence was within the limits authorized by state law as determined by the state courts, Petitioner cannot support a cognizable federal due process claim.  * * *  Because Petitioner has not shown that . . . any fundamental unfairness occurred in the sentencing proceeding, he is not entitled to federal habeas relief . . . .").  Accord *Fagan v. Roberts*, 508 F. App'x 773 (10th Cir. 2013) (claim that state law prohibited running his old and new sentences consecutively involved state law and was not cognizable on federal habeas review); *Montstream v. Superintendent*, 486 F. App'x 164 (2d Cir. 2012) ("'[T]here is no constitutionally cognizable right to concurrent . . . sentences.'  * * *  To the extent her sentences violate New York state statutory law, her remedy, if any, must lie with the state courts.") (quoting *US v. Maclean*, 287 F.3d 127, 136-37 (2d Cir. 2002)).  **A Ninth Circuit panel applied this rule to reject a state prisoner's *Blakely*-based challenge to consecutive sentences.** See *Hassinger v. Adams*, 243 F. App'x 286, 288 (9th Cir. 2007) ("Hassinger's claim that the trial court erred in imposing sentences consecutively rather than concurrently does not implicate the constitutional rights involved in *Blakely* . . . , and is not otherwise cognizable on habeas review . . . .") (citing *Cacoperdo*, 37 F.3d at 507).

**Accordingly, the habeas petition will be dismissed** *with* **prejudice, not without prejudice as the Report recommends.**[3]  AEDPA expressly authorizes this course of action, providing that "[a]n application . . . may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *cf., e.g., Henry v. Ryan*, 720 F.3d 1073, 1079-80 (9th Cir. 2013) ("The parties disagree about whether the procedural default rule bars this claim.  We need not reach this issue, however, because the merits of the claim have been fully briefed, and the district court . . . reached the merits of the claim.  We therefore exercise our discretion to deny the claim on the merits as permitted by 28 U.S.C. § 2254(b)(2).") (citing *Runningeagle v. Ryan*, 686 F.3d 758, 777 n.10 (9th Cir. 2012), *cert. denied*, – U.S. –, 133 S. Ct. 2766 (2013)).  If a claim is not cognizable on federal habeas review, it necessarily follows that the petitioner's claim does not "merit" federal habeas relief.

### ORDER

The Report & Recommendation **[Doc # 13] is ADOPTED AS MODIFIED**.

The habeas corpus petition **[Doc # 1] is DISMISSED** *with* **prejudice**.

The Court will issue a separate order denying a COA  This is a final order, but it will not be appealable unless petitioner obtains a COA from the U.S. Court of Appeals.[4]

As required by FED. R. CIV. P. 58(a)(1), final judgment will issue as a separate document.

IT IS SO ORDERED.

---

[3]

When a ground exists for dismissal of a complaint or habeas petition with prejudice, that ground necessarily prevails over another ground which would justify merely *without*-prejudice dismissal: the with-prejudice dismissal "goes beyond" the without-prejudice dismissal and offers a more conclusive disposition of the case.

[4]

*See Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012)); *see also* FED. R. APP. P. 22(b)(1).